UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SHAWN DAVIS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-CV-91 RM |
| ) | |
| DAVID WILLIAMS and NEIL HUFFINE, ) | |
| ) | |
| Defendants ) | |

## OPINION and ORDER

Shawn Davis claims that in September 2004, while he was being housed at the St. Joseph County Jail, Lieutenant David Williams and Sergeant Neil Huffine used excessive force against him. Mr. Davis filed suit under 42 U.S.C. § 1983, and the defendants' motion for summary judgment pends. For the reasons that follow, the court concludes that the defendants' motion must be denied.

### FACTS

The following facts are taken from the summary judgment record and viewed in the light most favorable to Mr. Davis, as the non-moving party. Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003). Mr. Davis was in custody at the St. Joseph County Jail in September 2004 awaiting trial. He was assigned to cell G-313, and when his cellmate was reassigned to a different area of the jail, Mr. Davis became the sole occupant of the two-person cell.

On September 17, the Jail Classification Supervisor directed jail personnel to transfer inmate Byers to cell G-313. Officers Williams and Huffine removed inmate Byers from his cell and proceeded to cell G-313. When the trio arrived, Officers Williams and Huffine told Mr. Davis that inmate Byers would be moving into the cell. Mr. Davis told the officers he didn't want inmate Byers in his cell. Before opening the cell door, the officers directed Mr. Davis to back away from the door, he refused, again said he didn't want inmate Byers there, and threatened a fight if they put inmate Byers in the cell.

The parties' versions of what happened next differ significantly. Mr. Davis claims that as he continued to stand in the doorway of the cell and explain to the officers that he didn't want inmate Byers in his cell, Officer Huffine opened the cell door and punched Mr. Davis in the jaw. Mr. Davis says he moved backwards into the cell and the officers "came in the room, rushed in the room, grabbed me, took me to the ground, [Officer] Huffine grabbed my legs – grabbed my ankles quickly and the other officer sat on my back and just started wailing on me." Davis Dep., at 58. Mr. Davis says he didn't touch or attempt to grab either officer, didn't yell profanities at them, and didn't do anything more than refuse their direct order to move back away from the door. Davis Dep., at 58-59, 80-83.

In contrast, the officers claim Mr. Davis's refusal to back away from the door was accompanied by his use of profanity and "a voice that became louder and more threatening with each statement." Williams, Aff., ¶15; Huffine Aff., ¶ 15. When Officer Williams opened the cell door, Mr. Davis grabbed Officer Williams's

left wrist; Officer Williams pulled away and ordered Mr. Davis to back up. Mr. Davis didn't back up but instead assumed a fighting stance. As Officer Williams tried to move inmate Byers into the cell, Mr. Davis threw a punch at Officer Williams. Officer Williams blocked the punch and "took Mr. Davis to the floor with the least amount of force necessary using an arm bar takedown in accordance with the St. Joseph County Police Department Force Continuum Policy." Williams Aff., ¶ 26. Officer Huffine grabbed Mr. Davis's legs, and Officer Williams ordered Mr. Davis to place his hands on the top of his head, but Mr. Davis refused. Officer Williams reports that "[a]fter unsuccessfully trying to grab Mr. Davis' hands, I delivered several strikes to Mr. Davis' suprascapular nerve motor point . . . in accordance with the second level of the St. Joseph County Police Department Force Continuum Policy." Williams Aff., ¶¶ 33-34. Officers Williams and Huffine then received assistance from Deputy Bussie, who was able to grab Mr. Davis's wrists and place him in handcuffs.

Mr. Davis was taken to the jail's medical department, where "Nurse Laz" examined him. Mr. Davis claims his teeth were knocked out, he was bloody, and he felt like he had a concussion. The officers say Mr. Davis never complained about suffering any injuries in the altercation, and neither of them observed any injuries. Mr. Davis wasn't taken to the hospital, but was returned to his cell without any special instructions.

Officers Williams and Huffine filed a complaint with jail officials against Mr. Davis relating to the September 17 incident. A hearing was held before the St.

Joseph County Jail Conduct Adjustment Board; Mr. Davis was afforded an opportunity to present his version of the incident. On September 24, the CAB found Mr. Davis guilty of barricading his cell, assault, use of an item to prohibit entry, refusal to obey a direct order, threatening to inflict injury, intimidation, aggressive movements towards staff, conduct that disrupts, and interfering with the rights of others. His sanctions included 90 days in disciplinary segregation and loss of phone, visitation, and commissary privileges for 60 days. The CAB Findings included the following comment by CAB Chairperson, Sgt. Carlin: "I am also requesting that you lose all of your good time/credit time." Mr. Davis appealed the CAB's decision, but his appeal was denied.

Mr. Davis filed a *pro se* complaint in this court pursuant to 42 U.S.C. § 1983, alleging that the conduct of Officers Williams and Huffine on September 17, 2004 amounted to excessive force in violation of his constitutional rights.[1] In October 2005, counsel appeared for Mr. Davis and filed an amended complaint on his behalf in November. Mr. Davis seeks compensatory and punitive damages, attorney fees, and costs.

---

[1] Mr. Davis was a pretrial detainee at the St. Joseph County Jail in September 2004, so his claims fall under the protections of the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment's Cruel and Unusual Punishment Clause. The standard governing analysis of an excessive force claim in the prison security context under the Fourteenth Amendment is the same as that under the Eighth Amendment. <u>Butera v. Cottey</u>, 285 F.3d 601, 605 (7th Cir. 2002).

SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). There is no genuine issue of material fact when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the nonmoving party. O'Neal v. City of Chicago, 392 F.3d 909, 910-911 (7th Cir. 2004). "The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). However, the party with the burden of proof on an issue must show that there is enough evidence to support a jury verdict in its favor. Lawrence v. Kenosha Cty., 391 F.3d 837, 842 (7th Cir. 2004); *see also* Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) ("As we have said before, summary judgment 'is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.'" (*quoting* Schacht v. Wisconsin Dep't of Corr., 175 F.3d 497, 504 (7th Cir. 1999)).

DISCUSSION

Officers Williams and Huffine maintain Mr. Davis isn't entitled to relief on his claim because they didn't use excessive force against him and because the rule set forth in Heck v. Humphrey, 512 U.S. 477 (1994), and the doctrine of qualified immunity bar his claim. Mr. Davis responds that Heck doesn't apply to his claim, the officers aren't entitled to qualified immunity, and the conduct complained of amounted to excessive force.

An excessive force claim under § 1983 requires a plaintiff to demonstrate that a state actor's use of force was "objectively unreasonable" under the circumstances. Thompson v. City of Chicago, 472 F.3d 444, 454 (7th Cir. 2006). "The reasonableness of a particular use of force 'must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Id.* (*quoting* Graham v. Connor, 490 U.S. 386, 396 (1989)). Before considering the issue of excessive force, the court must determine whether Mr. Davis's claim is barred by Heck v. Humphrey, which provides that

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction of sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a write of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. . . . But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff,

6

> the action should be allowed to proceed, in the absence of some other bar to suit.

512 U.S. at 486-487 (emphasis in original). The rule of Heck has been extended to disciplinary convictions that form the basis for deprivation of good-time credits, Edward v. Balisok, 520 U.S. 641, 646-647 (1997), and prison discipline and administrative rulings. Miller v. Indiana Dept. of Correction, 75 F.3d 330, 331 (7th Cir. 1996).

The St. Joseph County CAB found Mr. Davis guilty of barricading his cell, assault, use of an item to prohibit entry, refusal to obey a direct order, threatening to inflict injury, intimidation, aggressive movements toward staff, disrupting conduct, and interfering with the rights of others; his appeal of those findings was denied. Mr. Davis hasn't alleged or argued that his disciplinary conviction has been set aside, but says his claim in this case doesn't violate Heck because proof of excessive force depends upon facts not in issue before the CAB.

The issue in this case is the conduct of the officers in their September 17, 2004 confrontation with Mr. Davis: that is, whether in response to Mr. Davis's acts – if, as Mr. Davis claims, he did nothing, or, as the defendants claim, he did, in fact, strike one of them – the officers used excessive force. Mr. Davis's action "is not barred by Heck because his challenge that [the officers] used excessive force [even if] he hit [the officer] does not undermine [Mr. Davis's] conviction or punishment for his own acts of aggravated battery." Brengettcy v. Horton, 423 F.3d 675, 683 (7th Cir. 2005); *see also* Robinson v. Doe, 272 F.3d 921, 923 (7th

7

Cir. 2001) ("Police might well use excessive force in effecting a perfectly lawful arrest. And so a claim of excessive force in making an arrest does not require overturning the plaintiff's conviction even though the conviction was based in part on a determination that the arrest itself was lawful."). Mr. Davis's conviction by the CAB won't be rendered invalid by a finding relating to whether the officers used excessive force in response to Mr. Davis's conduct, so Heck v. Humphrey doesn't bar Mr. Davis's claim.

The officers next argue the doctrine of qualified immunity bars Mr. Davis's claim. The officers maintain that because the evidence doesn't support an inference that they wantonly inflicted pain on Mr. Davis, they are entitled to qualified immunity. "Governmental actors performing discretionary functions are entitled to qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Sallenger v. Oakes, 473 F.3d 731, 739 (7th Cir. 2007) (*quoting* Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Resolution of the qualified immunity issue requires the court to first determine whether the facts, considered in the light most favorable to Mr. Davis, show that the conduct of Officers Williams and Huffine violated a constitutional right; if those facts amount to a constitutional violation, the court then must decide if the constitutional right violated was clearly established at the time of the alleged injury, such that a reasonable officer would understand that

8

his actions were in violation of that right. Saucier v. Katz, 533 U.S. 194, 201-202 (2001).

The facts as alleged by Mr. Davis, and viewed in the light most favorable to him as the court must do when considering the issue of qualified immunity, are that he disobeyed an order to move away from the door to his cell and, even though he didn't touch or threaten to touch Officer Williams or Officer Huffine, he was punched, slammed to the ground, and beaten by Officers Williams and Huffine. The officers argue that Mr. Davis's speculation at his deposition that they were "frustrated," "mad," or "enraged" prior to the incident isn't sufficient to demonstrate that they wantonly inflicted harm on him. They also note Mr. Davis hasn't presented any admissible evidence that he suffered any injuries, but Officers Williams and Huffine have offered no argument as to why the facts as alleged by Mr. Davis, if proven, would not amount to a constitutional violation or why reasonable officers would not have known that the "unnecessary and wanton infliction of pain" violates the Constitution. Hudson v. McMillian, 503 U.S. 1, 5 (1992). The officers aren't entitled to qualified immunity at this stage.

The parties have presented widely differing versions of the September 17, 2004 incident at the St. Joseph County Jail. The conflicting statements create a disputed issue of material fact that prevents the court from determining as a matter of law whether the force used by the officers was "applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. at 6. The defendants'

9

request for summary judgment on Mr. Davis's claim of excessive force must be denied.

CONCLUSION

Based on the foregoing, the motion of Officers Williams and Huffine for summary judgment [docket # 63] is DENIED. Trial of this cause remains scheduled for April 30, 2007.

SO ORDERED.

ENTERED:   March 20, 2007


                                       /s/ Robert L. Miller, Jr.
                                       Chief Judge
                                       United States District Court